## HENRY BLOOD *v.* LUDWIG VOLLERS et al.

The plaintiff held several mortgage notes on *J. R. Beard,* one of which he endorsed to a third person. The endorsee, not having an authentic transfer, took out executory process in the name of the plaintiff, without his knowledge, and had the mortgaged property sold. The defendant became the purchaser of the property. The plaintiff, alleging that the property had been sacrificed, to the injury of his rights on the other mortgage notes, and that the suit in his name was unauthorized, brought suit to annul the whole proceedings. *Held:* That the endorsee had the right of demanding an authentic transfer of the note, which would have enabled him to have taken out the executory process in his own name; that his not having done so, was an irregularity, but was not sufficient cause for annulling the sale, especially as the purchaser was ignorant of the irregularity.

APPEAL from the District Court of Jefferson, *Clark,* J. *Benjamin* and *Micou,* for plaintiff. *A. W. Jourdan* and *A. N. Ogden,* for defendants. The judgment of the court *(Eustis,* C. J., absent,)was pronounced by

PRESTON, J. On the 3d of February, 1848, the plaintiff sold to *J. R. Beard* a lot of ground in the city of Lafayette, for $750, payable in equal installments, at one, two, three, four and five years from the date of sale, for which he took negotiable notes, secured by special mortgage on the property sold. The plaintiff negotiated the notes. *Beard* paid the first, and then removed to California, abandoning the property, and leaving the four last notes unprovided for.

*Rice* and *Hathaway* were the holders of the second note, which, being protested, they placed in the hands of an attorney for collection. In order to obtain an order of seizure and sale, and avoid the delays of a suit by attachment against a non-resident, he used the name of the plaintiff, he being payee and mortgagee, in a suit *via executiva* against the property, and caused it to be sold by the sheriff of the parish. It produced only $250, on twelve months credit. The defendant became the purchaser.

The name of the plaintiff was used in the suit without his authority, and the sale of the lot took place without his knowledge. Having made affidavit of these facts, the plaintiff seeks, in this suit against the purchaser of the lot, to annul the proceedings, and especially the order of seizure and sale, which is the judgment in the *via executiva*, and also the sale, on the ground that he was no party to the proceedings, his name having been used without his authority. And he alleges that he is entitled to do so, because the property is worth $800, and is his only security for the reimbursement of the third and fourth notes, which he has taken up as endorser, and for the payment of the last note, which he will be compelled to take up, *Beard*, the drawer, being entirely insolvent.

It was conceded, in argument, that the holder of one of a series of notes, secured by special mortgage on the same property, may enforce the mortgage without giving notice to, or asking the court to provide for the security of his co-mortgagees. This has been the practice, though, as illustrated by the present case, it is certainly an objectionable practice. There is some security for them in the disposition of the proceeds of the mortgaged property, as neither the sheriff nor the court would raise the whole mortgage, and give the purchaser an unencumbered title, without providing for a proportional division of the proceeds of the sale among the different holders of the mortgage notes. But no question has, or can be raised on that subject, in the present case, as the plaintiff is liable, as endorser, for all the notes.

Our laws provide the means by which a party may annul a judgment rendered against him without citation, or by the exercise of fraud or ill practices. And there is no doubt, as contended, that a party might annul a judgment, apparently in his favor, but practically prejudicial to him, when the proceedings had been carried on without his authority or knowledge, but to enable him to do so, it must appear that the proceedings were carried on in the exercise of his rights. In this case, the name of the plaintiff was used, not in the exercise of his rights, but to enforce the rights of others. By the endorsement of the note for value received, the plaintiff transferred to the endorsees the accessary right of mortgage. C. C. art. 2615. It is admitted that the note belonged to *Rice* and *Hathaway*; that it was due, and secured by special mortgage upon the lot in controversy. Now, on that note and mortgage, the defendant shows an order of seizure and sale, directed to the sheriff by a court of competent jurisdiction, and under it, an official adjudication of the property made to him, at twelve months credit, on the second exposure.

The parties owning the mortgage note, caused the order to be issued in the name of a party who did not own the note. They should have obtained an authentic transfer of the mortgage, or authority to use the mortgagee's name. But they had the right to demand the use of his name, or the authentic transfer of the mortgage, in order to enforce the actual transfer made to them, and the mortgagee was obliged to grant one or the other on demand. It was a great irregularity in the endorsees to apply for the order of seizure and sale without

one or the other of these preliminaries. Still, it was only an irregularity in making the application, and not a radical defect in the proceedings, which rendered it null. The irregularity in the means used to enforce the rights of the holders of the mortgage note, does not change the nature of the transaction. The substance of what was done is, that mortgaged property has been sold on the application of mortgagees, by an order of seizure and sale, or judgment to pay their debt, and the defendant became the purchaser.

The proceedings cannot be set aside for mere irregularity by a person nominally, but not in reality, a party to them. And, more especially, the sale cannot be annulled, as the purchaser knew nothing of the irregularity and in no manner participated in it, and as it preceded the order of seizure and sale or judgment under which he purchased, and behind which he was not obliged to look to be assured of the validity of his title. *Broughton* v. *King*, 2d Ann. 570. *Pike* v. *Monget & Co.*, 4th Ib. 227.

It is true, as the plaintiff justly complains, that his endorsees should not have exercised their rights, in his name, without his authority, or under an authentic transfer of the mortgage from him; as, in either case, he would have been advised· of the proceedings and of the danger to his own rights, and have been enabled to guard against it. Still, if any direct and immediate damage resulted to the plaintiff by the unauthorized use of his name, he must look for indemnification to those who improperly used it. They did the act that caused the damage, and are obliged to repair it. Code, 2294, 2295. He cannot, in an indirect manner, recover the damage from an innocent purchaser, who knew nothing of the unauthorized act, and had no participation in it.

The judgment of the district court is affirmed, with costs.

SLIDELL, J. I think the plaintiff has a right to have the decree of seizure and sale declared null, and also the sale under it, because the decree was obtained in his name, without his authority, and there was, in truth, no plaintiff in that cause. It seems to me, there cannot be a valid judgment without a plaintiff in the suit on which the judgment is rendered, and if the decree was null, the sale made in execution of it falls with it.

I by no means, however, mean to say that *Vollers* is to be denied any of the rights of a possessor in good faith. I think he is to be treated as such, and that he would have a right, upon the re-sale, to have the land and improvements separately appraised, and take a proportionate part of the price. He would also have a remedy against the party who has caused the injury.